IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMY CARNRICK,<br><br>                      Plaintiff,<br><br>     v.<br><br>RIEKES CONTAINER CORPORATION,<br><br>                      Defendant. | **8:16CV95**<br><br>**ORDER** |

      This matter is before the court on plaintiff's motion in limine, Filing No. 182, and on defendant's motion in limine, Filing No. 184. No brief in opposition has been filed to either of these motions. This case involves claims by plaintiff against defendant, wherein plaintiff alleges she was wrongfully terminated, sexually harassed and sexually assaulted by her supervisor, Robert Richey. Plaintiff filed a report regarding the assault several months after it happened, and she claims she was fired within three weeks of making said report.

      Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on

the jury.  *Id.*  The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial."  *Walzer v. St. Joseph State Hosp.,* 231 F.3d 1108, 1113 (8th Cir. 2000). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.  *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010).

**Filing No. 182**

Plaintiff first moves to prohibit any testimony regarding plaintiff's present or past sexual history, comments about other males, consensual relationships, texts regarding potential dating or relationships, comments about prior relationships or sexual activities, past family matters or children.  Plaintiff also moves to prohibit any testimony or evidence relating to plaintiff's performance in previous employment or subsequent employment at Riekes; rental property income; testimony or evidence regarding previous claims or lawsuits not related to this lawsuit; testimony or evidence regarding plaintiff's past sexual history or relationships; hearsay opinions about plaintiff or her witnesses; and requests the court to prohibit defendant from presenting posters or exhibits which display statements without first disclosing such items to the court and counsel.  Plaintiff argues that this evidence is not relevant and would be unduly prejudicial.

The court will generally not permit testimony of plaintiff's previous sexual history to show predisposition.  *See* Fed. R. Evid. 412.  At this point the court does not believe that such behavior or sexual predisposition is probative, nor does it outweigh the danger of unfair prejudice to the victim.  If, however, during trial, counsel believes there is evidence

2

in this regard that is highly probative, not unduly prejudicial and relevant to this case, counsel will so advise the court in advance of any attempt to introduce the evidence. The court will make a specific ruling at that time.

Regarding the remaining objections, the court is of the opinion that it must await trial and then determine the relevancy and admissibility. The court has insufficient evidence currently to make those determinations. However, the court will instruct counsel that irrelevant evidence will not be permitted at trial.

### Filing No. 184

Defendant asks this court to prohibit portions of Robert Richey's personnel file or disciplinary warnings received from his previous employer, Gamers from being admitted into evidence; and he requests that any reference to his alleged alcoholism, treatment for alcoholism, and his DUI conviction which precedes his employment with the defendant be deemed inadmissible. Defendant also moves the court to prohibit any lay witness from testifying that there is a link between drinking/alcoholism and a propensity to commit sexual assault on the plaintiff.

The court is not going to permit evidence of alcoholism and related issues, unless plaintiff makes a showing that it is relevant to the facts in this case. Questions remain which this court must determine as the evidence is presented and received.

The court is unable to evaluate much of the relevance of the challenged evidence in the context of these two pretrial motions. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motions can be adequately resolved at trial,

either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury.

THEREFORE, IT IS ORDERED THAT the motions in limine, Filing Nos. 182 and 184, are denied and granted as set forth herein.

Dated this 10th day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge